**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| THOMAS L. TAYLOR, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 15-CV-776-SMY |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On June 5, 1991, following a guilty plea, this Court sentenced Petitioner Taylor Thomas to serve concurrent sentences totaling 420 months. Count 1 was for conspiracy to distribute over five kilograms of cocaine, in violation of 21 U.S.C. § 846; Counts 5, 9, and 26 were for possession of three separate firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and Count 6 was for the sale of a stolen firearm, in violation of 18 U.S.C. § 922(j). *See United States v. Taylor et al.*, Case No. 90-cr-30020.

Taylor did not file a direct appeal, but later filed three challenges to his sentence. In 1997, he unsuccessfully sought relief under 28 U.S.C. § 2255, claiming a violation of his Plea Agreement. *Taylor v. United States*, Case No. 97-cv-360. In 2004, Taylor filed a Habeas Corpus Petition under 28 U.S.C. § 2241, arguing that his sentence for conspiracy should not have been enhanced under the career offender guidelines and that he was actually innocent of the facts used to enhance his sentence as a career offender. *Taylor v. Veltri*, Case No. 04-cv-57. This Court dismissed the Petition for lack of jurisdiction, finding it to be an unauthorized successive motion under § 2255. Taylor filed another Habeas Corpus Petition under 28 U.S.C. § 2241 in

2014, asserting he was innocent of the enhanced sentences he received. *Taylor v. Cross*, Case No. 14-cv-304. Again, that Petition was denied.

In October 2014, Taylor moved for a sentence reduction based on Amendment 782. *See United States v. Taylor, et al.*, Case No. 90-30020, at Doc. 415. On January 28, 2015, this Court granted Taylor's motion and reduced his sentence from 420 months to 378 months. Taylor appealed to the Seventh Circuit, arguing this Court erred in finding that he was ineligible for the full two-level reduction under Amendment 782. The Seventh Circuit affirmed this Court's ruling on July 10, 2015. Taylor now moves under 28 U.S.C. § 2255 for habeas relief, once again contending that his sentence should be overturned.

Under Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts, a judge receiving a § 2255 petition must conduct a preliminary review and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Here, a preliminary review of Taylor's motion reveals that it must be dismissed as unauthorized second or successive habeas petition.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "governs § 2255 proceedings and imposes tight limits on second or successive petitions." *Vitrano v. United States*, 721 F.3d 802, 806 (7th Cir. 2013) (citing *Suggs v. United States*, 705 F.3d 279, 285 (7th Cir. 2013)). Specifically, AEDPA "allows every prisoner one full opportunity to seek collateral review." *Vitrano*, 721 F.3d at 806 (quoting *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999)). Any additional, later-filed petition under 28 U.S.C. § 2255 is considered a "second or successive" motion, which a district court may not entertain "unless the prisoner has first

obtained authorization to file from the court of appeals." *United States v. Obeid*, 707 F.3d 898, 901 (7th Cir. 2013) (citing 18 U.S.C. §§ 2244(a); 2255(h)).

Taylor previously filed a § 2255 petition and received a full round of collateral review. He has also filed two § 2241 petitions. The instant habeas petition is his fourth attempt at relief, which requires prior approval from the Seventh Circuit. There is no indication, however, that Taylor has sought permission from the Seventh Circuit to file this successive § 2255 petition. Therefore, this Court is without jurisdiction to consider the pending motion and it must be dismissed. *Obeid*, 707 F.3d at 901 (citing *Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996)). Accordingly, Taylor's § 2255 habeas petition is **DENIED**.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Proceedings instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003). To meet this requirement, the petitioner must "demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong." *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)). The petitioner need not show that his appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El*, 537 U.S. at 337, 338.

Here, Taylor did not obtain leave to file a successive § 2255 petition. Therefore, he is not entitled to issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:  July 16, 2018**

**s/ Staci M. Yandle                **
**STACI M. YANDLE**
**United States District Judge**